## Robert Patterson's Estate.    Appeal of John M. Risher, Executor.

*Decedent's estate—Promissory notes—Forgery—Evidence.*

A claim against the estate of a decedent on promissory note was resisted on the ground that decedent's signature was forged. A witness for claimant testified that he saw decedent sign one of the notes upon which claim was made, and that he saw him sign another note of which one of the notes in question was a renewal. A daughter of decedent and her husband testified to the genuineness of the disputed signatures. The only evidence to the contrary was that of expert witnesses. *Held*, that the evidence was sufficient to warrant a finding that the notes were genuine.

Argued Nov. 12, 1894. Appeal, No. 322, Oct. T., 1894, by the executor, from decree of O. C. Allegheny Co., May T., 1804, No. 46, distributing decedent's estate. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that the People's Bank of McKeesport was the owner of the three notes which they presented for payment at the audit. The first of these notes was dated Dec. 17, 1892, at four months for $3,000, drawn by William B. Rath to the order of Robert Patterson and indorsed by Robert Patterson and R. H. Rath. The second note was dated Jan. 24, 1893, at four months for $4,000, drawn by W. B. Rath to the order of Robert Patterson, and was indorsed by Robert

Patterson and James Rath.    The third note was dated Feb. 3, 1893, at four months for $650, drawn by W. B. Rath, to order of Robert Patterson, and indorsed by Robert Patterson and R. H. Rath.    These notes were all discounted by the People's Bank of McKeesport, Feb. 4, 1893.    They were all renewals of other notes for like amounts that had matured on the respective dates of the notes in question.

The $4,000 was the last of a series of renewals the original of which was a note dated April 30, 1891, for the sum of $5,000. The note of which it was the renewal, became due Jan. 24, 1893. R. H. Rath testified that at the instance of his father James Rath, one of the indorsers, he went to the home of Robert Patterson in the latter part of January or first of February, 1893, and saw Robert Patterson indorse the $4,000 note.    He also testified that he saw Robert Patterson indorse a $3,000 note in J. R. Wylie's office in Duquesne, of which the $3,000 note marked was a renewal.    R. H. Rath was also an indorser on the latter note.    Sarah E. Rath, the wife of W. B. Rath and daughter of Robert Patterson, who lived in the house with her father in Pittsburg the last year of his life, and lived near him in Duquesne for several years immediately preceding his removal to Pittsburg, after comparison of the indorsements of these several notes with the admittedly genuine signatures of her father and from her knowledge of her father's signature, testified that the indorsements were genuine and were in the handwriting of her father, Robert Patterson.    W. B. Rath testified to the same effect.    The only evidence to contradict this testimony was that of experts.

The court sustained the validity of the notes and awarded the amounts of them with interest to claimants.

*Error assigned* among others was above decree.

*J. S. Ferguson, E. G. Ferguson* with him, for appellant.

*E. P. Douglas, John D. Watson* and *Charles B. Payne, Daniel Harrison* with them, for appellees.

PER CURIAM, Jan. 7, 1895:
This case depended on questions of fact which were especially

proper for the determination of the orphans' court. The testimony tending to prove the genuineness of the disputed signatures, was quite sufficient to warrant the findings of which the decree is predicated; and, in the absence of manifest error in either of said findings of fact, the decree should not be disturbed.

Decree affirmed and appeal dismissed with costs to be paid by the appellant.